## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRIS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-111-M |
| | ) | |
| BOB MILLS FURNITURE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This matter is set on the Court's June, 2007 trial docket.

Before the Court is "Defendant's Motion for Summary Judgment" [docket no. 27], filed February 1, 2007. Plaintiff has not filed a response.[1] As such, Defendant's motion is ripe for adjudication.

## I.    INTRODUCTION[2]

Plaintiff Chris Brown began his employment with Defendant Bob Mills Furniture Company on August 20, 2004, as a general warehouse worker. On October 20, 2005, having previously received (1) a written warning for failing to obey orders, specifically, refusing to help his supervisor load furniture, (2) a written warning for tardiness, and (3) an evaluation rating of marginal in the areas of demonstrating required job and problem solving skills, Plaintiff was reprimanded for "substandard work quality" and placed on probation. On November 1, 2005, Plaintiff was terminated. Defendant asserts that Plaintiff was terminated because he was unproductive and not performing his job satisfactorily.

---

[1] Plaintiff failed to respond despite having been given until April 15, 2007, to do so.

[2] Pursuant to Local Civil Rule 7.2(e), the following facts are deemed admitted by virtue of Plaintiff's failure to respond to Defendant's motion for summary judgment.

On February 2, 2006, Plaintiff filed the instant action alleging discrimination based on his race, retaliation, hostile work environment, failure to promote and unequal pay.  Defendant now moves for summary judgment on all of Plaintiff's claims.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *See Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of

action, a defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *cited in Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005).

III.   DISCUSSION[3]

A.   Race Discrimination Claim

To establish a prima facie case of race discrimination, Plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for his position; (3) despite his qualifications, he was discharged; and (4) his position was not eliminated after his discharge. *See Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005); *Perry v. Woodward*, 199 F.3d 1126, 1135 (10th Cir. 1999). "[T]he burden imposed on a plaintiff at the prima facie stage is not onerous." *Ortiz v. Norton*, 254 F.3d 889, 895 (10th Cir. 2001) (internal quotations and citations omitted).

In the case at bar, it is undisputed that Plaintiff is a member of a protected class, that he was discharged, and that his position was not eliminated after his discharge. Thus, the only element of Plaintiff's prima facie case that is disputed is whether Plaintiff was qualified for his position. Nevertheless, for the purposes of this Order, the Court finds analysis of the remaining element unnecessary and assumes that Plaintiff has established a prima facie case of discriminatory discharge.    Once Plaintiff has established a prima facie case of discrimination, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for terminating Plaintiff's employment. *Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d

---

[3]Plaintiff also alleges race discrimination claims in violation of 42 U.S.C. § 1981. "[I]n racial discrimination suits, the elements of a plaintiff's case are the same . . . whether that case is brought under §§ 1981 or 1983 or Title VII." *Baca v. Sklar*, 398 F.3d 1210, 1218 n.3 (10th Cir. 2005). Therefore, Defendant's motion as to Plaintiff's § 1981 claims should be granted for the same reasons stated *infra* in subsections A through E.

1184, 1191 (10th Cir. 2000). Defendant asserts Plaintiff was terminated because he was not satisfactorily performing his job. Further, Defendant asserts that Plaintiff was standing around when he should have been working and, thus, making extra work for other employees. The Court finds Defendant has met its burden to produce a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

Because Defendant has provided a legitimate, non-discriminatory reason for discharging Plaintiff, the burden shifts to Plaintiff to show that there is a genuine issue of material fact as to whether Defendant's explanation is pretextual. *Id.* Pretext can be established if Plaintiff shows either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (citation omitted). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

Having reviewed the evidence and having construed all reasonable inferences therefrom in the light most favorable to Plaintiff, the Court finds Plaintiff has presented no evidence that Defendant's proffered legitimate nondiscriminatory reason is pretextual. Accordingly, Defendant's motion should be granted as to Plaintiff's race discrimination claim.

B.     Retaliation Claim

To establish a prima facie case of retaliation, Plaintiff must show that (1) he engaged in protected opposition to discrimination; (2) he was subject to adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Kendrick v. Penske*

*Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000).  A "causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action."  *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997).

Plaintiff asserts that he was terminated in retaliation for having complained to his supervisor about racially derogatory and discriminatory comments and harassment.  However, in his deposition, Plaintiff admits that he never made any such complaint.

Having reviewed the evidence and having construed all reasonable inferences therefrom in the light most favorable to Plaintiff, the Court finds that, Plaintiff has presented no evidence that he engaged in any protected opposition to discrimination.  Accordingly, the Court finds that Plaintiff has not established a prima facie case of retaliation and that, as such, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

C.       Hostile Work Environment Claim

To establish a prima facie case of hostile work environment, Plaintiff must show that under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was based on the plaintiff's race.  *Witt v. Roadway Express*, 136 F.3d 1424, 1432 (10th Cir. 1998); *see Aramburu v. Boeing Co.*, 112 F.3d 1398, 1410 (10th Cir. 1997).  "To survive summary judgment [on a hostile work environment claim], a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1326-27 (10th Cir. 2004) (internal

quotations and citation omitted).

Having carefully reviewed the evidence and having construed all reasonable inferences therefrom in the light most favorable to Plaintiff, the Court finds that Plaintiff has not shown that a rational jury could find that his workplace was permeated with discriminatory intimidation, ridicule, and insult, that was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

     D.     Failure to Promote Claim

To establish a prima facie case of discriminatory failure to promote, Plaintiff must show (1) he belongs to a protected class, (2) he was qualified for the promotion, (3) he was not promoted, and (4) the position was filled or remained available following the failure to promote. *Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000). For the purposes of this Order, the Court assumes without deciding that Plaintiff has established a prima facie case.

If Plaintiff establishes a prima facie case, then Defendant must articulate some legitimate, nondiscriminatory reason for the challenged personnel action. Defendant has proffered a legitimate, nondiscriminatory reason for the failure to promote – Plaintiff's previous disciplinary problems.

Once Defendant comes forward with a legitimate, nondiscriminatory reason, the Plaintiff then bears the ultimate burden of demonstrating that Defendant's stated reason is pretextual. Having reviewed the evidence and having construed all reasonable inferences therefrom in the light most favorable to Plaintiff, the Court finds Plaintiff has presented no evidence that Defendant's proffered legitimate nondiscriminatory reason is pretextual. Accordingly, Defendant's motion should be granted as to Plaintiff's failure to promote claim.

6

E.       Discriminatory Unequal Pay Claim

Plaintiff asserts he was paid less than other employees performing similar job duties because of his race.  To establish a prima facie case of discriminatory unequal pay, Plaintiff must show (1) he is a member of the protected class; (2) a coworker outside his protected class, performing similar work, was compensated at a higher rate.  *See Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1363 (10th Cir. 1997); *Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1174-75 (10th Cir. 1996).  Only the second element is in dispute.

In support of his discriminatory unequal compensation claim, Plaintiff asserts that "Kevin" was paid more than him.  However, Plaintiff also admits that "Kevin" had different job duties than him.  Plaintiff's Deposition at 83-84 attached as Exhibit M to Defendant's motion.  Additionally, Plaintiff asserts that "Kavon" told him he was paid the same as Plaintiff, but that it "seemed like" he was making more.  *Id*.  Defendant contends that "Kevin" is actually Kevin McCollum and that he was hired as a loading dock supervisor and, thus, did not have the same job duties as Plaintiff.  Defendant further contends that Kevin had experience in furniture warehouse management.

Having carefully reviewed the evidence and having construed all reasonable inferences therefrom in the light most favorable to Plaintiff, the Court finds that Plaintiff has not shown that a rational jury could find that a coworker outside his protected class, performing similar work, was compensated at a higher rate.  Accordingly, the Court finds that Plaintiff has failed to establish a prima facie case of discriminatory unequal pay and that, as such, Defendant is entitled to summary judgment on Plaintiff's unequal pay claim.

IV.      CONCLUSION

For the reasons set forth in detail above, the Court finds that "Defendant's Motion for

7

Summary Judgment" [docket no. 27] should be, and hereby is, GRANTED.

**IT IS SO ORDERED this 21st day of May, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE